**UNITED STATES ATTORNEY'S OFFICE**
VIKAS KHANNA
Acting United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re*<br><br>JOSEPH V. KOZAK &<br>KIMBERLY A. GOLDEN-KOZAK,<br><br>Debtors. | Chapter 13<br><br>Case No. 24-20167-MBK<br><br>Judge Christine M. Gravelle<br><br>**Hearing Date: Feb. 26, 2025**<br>**Hearing Time: 10:00 a.m.** |

## OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtors' Chapter 13 Plan (the "Plan") [ECF Doc No. 12]. In support thereof, the Service respectfully represents as follows:

### RELEVANT BACKGROUND

1. Joseph and Kimberly Kozak (the "Debtors") filed a voluntary joint petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on October 14, 2024 (the "Petition Date") [ECF Doc. No. 1].

2. The Debtors have unpaid federal tax liabilities for numerous tax years preceding the Petition Date. *See* Claim No. 7. The Debtors have also failed to file Form 1040 federal income tax returns for tax years 2019, 2021, and 2022 (the "Unfiled Federal Returns"). *Id.*

3. The Service filed a proof of claim against the Debtors in the amount of $103,859.48 (the "Service Claim"), consisting of (i) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $42,218.77 (the "Priority Claim")[1]; and a (ii) general unsecured claim of $61,640.71. *See* Claim No. 7.

4. For the reasons described below, the Plan is not confirmable.

## OBJECTION

### A. The Plan is Not Confirmable With Respect to the Service's Priority Claim

5. With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Here, the Plan provides for no payment of the Priority Claim as currently estimated. Plan, Part 3. On this basis, the Plan cannot be confirmed under Bankruptcy Code section 1322(a)(2). To be clear, before the amount of the Priority Claim can even be determined with certainty, the Debtors must submit the Unfiled Federal Returns. As noted below,

---

[1] This amount is estimated because, as noted above, the Debtors have failed to file federal tax returns for all periods entitled to priority under Bankruptcy Code section 507(a)(8).

2

the failure to file those returns provides an independent basis for denying confirmation.

### B. The Plan is Generally Unconfirmable Based on Debtor's Failure to File Tax Returns

6.     As noted above and in the Service Claim, the Debtors have yet to submit the Unfiled Federal Returns. Pursuant to Bankruptcy Code section 1308(a), the Debtors are required to file all tax returns for tax periods ending within four years of the Petition Date. 11 U.S.C. § 1308(a). Non-compliance with section 1308 renders a chapter 13 plan unconfirmable under Bankruptcy Code section 1325(a)(9). 11 U.S.C. § 1325(a)(9). Moreover, a debtor's failure to file returns due outside the time period covered by section 1308 also renders a chapter 13 plan unconfirmable under Bankruptcy Code section 1325(a)(3). That section requires that a plan be "proposed in good faith and not by means forbidden by law." 11 U.S.C. § 1325(a)(3). A debtor's failure to file *all returns* necessary for the Service to calculate its claim precludes them from meeting this requirement. *In re Weik*, 526 B.R. 829, 835 (Bankr. D. Mont. 2015) ("Debtor's attempt to repay some obligations by means of a chapter 13 plan without having filed *all required tax* returns is contrary to § 1325(a)(3)'s requirement that the plan be proposed 'not by any means prohibited by law.'" (emphasis added)).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan until such time as the above-referenced defects in the Plan are cured; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: February 5, 2025

                                        VIKAS KHANNA
                                        Acting United States Attorney

                                        */s/ Eamonn O'Hagan*
                                        EAMONN O'HAGAN
                                        Assistant U.S. Attorney

                                        *Attorneys for the*
                                        *United States of America*